

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARTHA DEE**                                                                                             **PLAINTIFF**

VS.                                         CIVIL ACTION NO. _3:20cv752DPJ-FLB_

**CITY OF JACKSON, JAMES DAVIS,**
**in his Individual and Official**
**Capacity, DONALD GATER, in his**
**Individual and Official Capacity,**
**and JOHN DOES 1-4**                                                                **DEFENDANTS**

## COMPLAINT
## (JURY TRIAL DEMANDED)

Martha Dee, by and through her attorney of record, hereby files this Complaint against the Defendants, and in support thereof would show unto the Court, the following to-wit:

### I.   INTRODUCTION

Martha Dee (hereinafter "Dee") files this lawsuit to redress the deprivation of her constitutional and statutory rights to be free from sex discrimination guaranteed by the Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

1.   Jackson Police Chief James Davis (hereinafter "Davis") deprived Martha Dee of her constitutional and statutory right to be free from sex discrimination in the workplace in violation of the Equal Protection Clause of the 14th Amendment of United States Constitution and Title

VII of the Civil Rights Act of 1964. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2202.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims acts complained of by Martha Dee occurred in the Southern District of Mississippi, Northern Division.

## PARTIES

3. Plaintiff Martha Dee ("Dee") is an adult resident citizen of Hinds County, Mississippi. Dee is an African-American female.

4. The City of Jackson is a municipality. The City may be served with process of this Court by service upon Mayor Chokwe Antar Lumumba.

5. Defendant James Davis ("Davis") is the police chief of the City of Jackson Police Department. At all times relevant herein, Davis was acting under the color of state law. Davis may be served with process of this Court by serving a copy of the Summons and Complaint upon him wherever he may be found. Defendant Davis is being sued in his individual and official capacity.

6. Defendant Donald Gater ("Gater") was a Commander of the City of Jackson Police Department. At all times relevant herein, Gater was acting under the color of state law. Gater may be served with process of this Court by serving a copy of the Summons and Complaint upon him wherever he may be found. Defendant Gater is being sued in his individual and official capacity.

## STATEMENT OF FACTS

7. On April 2, 2019, while serving as a commander of the Jackson Police Department ("JPD"), Gater pulled his JPD issued service weapon and pointed it directly at JPD detective

2

Martha Dee's forehead. Gater approached Martha Dee and Detective Bruce Triplett in the third floor hallway in JPD headquarters where they were preparing to investigate whether a body had been found in Madison Parish, Louisiana was the body of a person murdered in Jackson, Mississippi.

8.  Dee did not provoke Donald Gater to pull his service weapon out and point it at her forehead. In Mississippi, a person who points a gun at another individual can be charged with aggravated assault in violation of MCA § 97-3-7(2)(a)(ii).

9.  Dee immediately informed her supervisor, JPD Sergeant Terry Dismuke that Gater pulled his loaded service revolver out and pointed it directly at her forehead without any provocation or legal justification. Prior to the April 2, 2019 incident, Gater had been disciplined for attempting to establish a personal relationship with one of his female subordinates, striking a suspect who was in handcuffs, and arresting a Jackson Public School District teacher by striking a suspect in handcuffs,

10. Although Chief James Davis had no information Martha Dee violated any laws and or workplace rules, Chief Davis forced Martha Dee to take administrative leave and required her to submit to a medical evaluation before returning to work. As a result of being placed on administrative leave, Martha Dee had to use vacation time to cover her wages for the first week of her administrative leave.

11. Chief Davis did not place Gater on administrative leave. Chief Davis did not report Gater to internal affairs. Dee reported Gater to internal affairs. Gater refused to participate in the internal affairs investigation. Chief James Davis did not terminate Gater for refusing to participate in the internal affairs investigation. JPD general orders require officers suspected

of criminal activities to participate in internal affairs investigations. Chief Davis allowed Gater "to use vacation time before retiring from the Department."

12. After forcing Dee to take administrative leave, Chief Davis treated Dee as a person with a disability and required her to seek treatment from a psychologist selected by JPD and to obtain permission from JPD's psychologist before she was allowed to return to work.

13. At all times, relevant herein, JPD maintained a policy of treating males more favorably than females. Namely, JPD fired and/or suspended female officers who were accused of physical confrontations. Unlike Gater, the female officers were not allowed to take vacation days after being accused of misconduct. JPD did not take any disciplinary action against a male officer who was accused of raping a civilian employee. JPD did not immediately terminate a male commander who was caught on tape assaulting his girlfriend in another jurisdiction.

14. At all times relevant herein, as police chief Davis had authority to recommend the immediate termination of Gater, but decided to take no action against him. Instead, Davis punished Dee by requiring her to submit to a psychological examination and requiring her to use vacation time while she supposedly was on administrative leave.

15. Chief Davis intentionally discriminated against Dee on account of her sex and disability and treated her less favorably than he treated men and non-disabled employees. Chief Davis did not require Gater to undergo a psychological examination after he pulled a gun on Dee.

16. Despite numerous instances of misconduct by Gater, Chief Davis did not terminate Gater. Chief Davis failed to require Gater to participate in an internal affairs investigation.

17. At all times relevant herein, Dee had a clearly established right to be free from sex discrimination, to be treated similarly situated to African-American males, and to contract with JPD on the same basis as males. A reasonable police chief would have known on April 2, 2020 that Dee had a clearly established right to be free from sex discrimination, to be treated similar to males. In addition, a reasonable police chief would have known Dee enjoyed a right to contract with the City of Jackson/JPD on the same basis as males. The conduct of Chief Davis and Gater was objectively unreasonable.

## **CAUSE OF ACTIONS**
## **SEX DISCRIMINATION**

18. The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

19. The defendants intentionally discriminated against Dee on account of her sex when they took no disciplinary action against Gater after he assaulted Dee on April 2, 2019. Chief Davis intentionally discriminated against Dee when he forced her to take administrative leave and under a physiological examination after Gater assaulted her.

20. On April 2, 2019, Dee had a clearly established right under the Equal Protection clause to be free from sex discrimination, to be treated like similarly situated males, and to contract with JPD on the same basis enjoyed by male police officers.

21. Chief Davis's decision to place Dee on administrative leave and to allow male officers to contract with JPD on a basis that was not enjoyed by females was objectively unreasonable as the law in the Fifth Circuit was clearly established that women had a right to be free from sex discrimination in the workplace and that females had a clearly established right to contract on the same basis as males.

22.     As a proximate consequence of the actions of Chief Davis and Gater, Dee was unlawfully placed on administrative leave and treated less favorably than similarly situated male employees in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  In addition, the defendant City of Jackson violated Title VII when Dee was forced to take administrative leave and undergo psychological examination while her male aggressor was not required to submit to psychological examination after he pulled a gun and pointed it at Dee's forehead.

## DISABILITY DISCRIMINATION

23.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

24.     After Dee was assaulted by Gater, the defendants intentionally regarded Dee as a person with a disability and forced her to undergo a psychological examination while her non-disabled assailant was not required to consult a psychologist or undergo a psychological examination after he pulled his service issued weapon and pointed it directly at Dee's forehead.

## UNLAWFUL SEIZURE AND EXCESSIVE FORCE

25.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

26.     Gater unlawfully seized Dee while she was in the hallway in JPD headquarters when he pointed his JPD issued service weapon and pointed it at Dee's head in the absence of probable cause that Dee had engaged in criminal conduct.  Gater's conduct was objectively unreasonable and violated the Fourth Amendment to the United States Constitution.

## DAMAGES

27.     As a consequence of the foregoing misconduct of the defendants, Dee

sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation as a result of the violation of her constitutionally protected and other legal rights.

28. As a consequence of the foregoing misconduct of the defendants, Dee has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

29. Plaintiff requests that the Court issue the following relief:

    a. Award Dee equitable back pay, front pay, reinstatement, economic damages for her lost pay, together with compensatory and punitive damages; and

    b. Award Dee attorney fees, costs and expenses of litigation, and a jury trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Dee demands judgment against the defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 20th day of November 2020.

                            **MARTHA DEE**

                            By: _Lisa M. Ross_
                               Lisa M. Ross (MSB # 9755)
                               Post Office Box 11264
                               Jackson, Ms. 39283-1264
                               601-981-7900 (telephone)
                               601-981-7917 (facsimile)
                               Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was filed with the Court on November 20, 2020 via CM/ECF filing system, which will automatically provide notice of this filing to all parties that have entered an appearance in this matter.

*/s/ Lisa M. Ross*
LISA M. ROSS