UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARTHA DEE                                                                 PLAINTIFF

V.                               CIVIL ACTION NO. 3:20-CV-00752-KHJ-FKB

CITY OF JACKSON,                                         DEFENDANTS
JAMES DAVIS, DONALD GATER,
and JOHN DOES 1–4

ORDER

Before the Court is Defendant Donald Gater's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment Based on Qualified Immunity [51]. For the following reasons, the motion is denied.

I.      Facts and Procedural History

Gater was employed by the Jackson Police Department as a Commander of the Investigative Division. [51-1]. Plaintiff Martha Dee worked also in the Investigative Division as a detective. [49-1] at 31. Both Commander Gater and Dee were on duty on April 2, 2019. *Id.*; [51-1].

On that day, Dee was assisting JPD Detective Bruce Triplett with a homicide investigation on the third floor of the JPD building. [49-1] at 31–34. Dee contends that Commander Gater approached them as they were leaving to perform investigatory work. *Id.* at 36. He asked Triplett questions, and when Triplett did not respond, Dee answered instead. *Id.* She states Commander Gater then said, "I was not talking to you." *Id.* She contends that, after she responded she knew the answer

to his question, he pulled out his duty-issued weapon and pointed it at her head. *Id.* He then returned the firearm to its holster and said, "I'm sorry, I shouldn't have done that." *Id.* She contends his actions amounted to: an unlawful seizure because he lacked probable cause to point a weapon at her; and an unconstitutional use of excessive force. *See* [56].

Commander Gater disagrees with Dee's version of events. He contends that, though he approached Dee and Triplett, he spoke with them about weapon retention. [51-1] at 1–2. He maintains he pulled out his firearm to demonstrate firearm retention issues and that he never pointed it at Dee's face. *Id.* at 2.

Dee filed suit against the City of Jackson, Chief Davis, individually and in his official capacity, Commander Gater, individually and in his official capacity, and John Does 1–4. Compl. [1] at 1. She brings claims for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment's Equal Protection Clause, disability discrimination in violation of the Americans with Disabilities Act of 1990, and unlawful seizure and excessive force.[1] *Id.* at 5–6. She requests a jury trial and seeks as relief back pay, front pay, reinstatement, economic damages for her lost pay, compensatory damages, punitive damages, attorney's fees, costs, and litigation expenses. *Id.* at 7. Summary judgment was entered on all claims against the City of Jackson and Chief Davis on October 11,

---

[1] Dee's Complaint does not state that she brings her unlawful seizure and excessive force claims against Commander Gater under 42 U.S.C. § 1983. The claims are sufficiently raised, however: "[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson v. Cnty. of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

2022. [71]. The only claims remaining are against Commander Gater and John Does 1–4. *See* [1].

  II.   Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under Rule 12(b)(6)'s standard, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (citation omitted). The claim must be "plausible on its face," meaning the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Covington v. City of Madisonville*, 812 F. App'x 219, 224–25 (5th Cir. 2020) (per curiam) (alteration omitted) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).

Only the pleadings and their attached exhibits may be considered. *Great Lakes Ins., S.E. v. Gray Grp. Invest., LLC*, 550 F. Supp. 3d 364, 370 (E.D. La. 2021) (citations omitted). But "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and *not excluded* by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d)

3

(emphasis added). "[A] district court has complete discretion" to exclude evidence when, as in this case, the parties present evidence outside of the pleadings. *Gen. Retails Servs., Inc. v. Wireless Toyz Franchise, LLC*, 225 F. App'x 775, 783 (5th Cir. 2007). The Court chooses to review the evidence outside of the pleadings presented by the parties and therefore considers only whether summary judgment is appropriate. *See id.*[2]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). A dispute "is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict

---

[2] Commander Gater maintains the Court should grant his Motion for Judgment on the Pleadings because Dee fails to respond to that challenge in her [56] Response. [69] at 1. Generally, "[f]ailure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level." *Arkansas v. Wilmington Tr. Nat'l Assoc.*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006)). But, "[a]lthough failure to respond to a motion will be considered a statement of no opposition, [the] court is not required to grant every unopposed motion." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993). For example, dismissal of a claim with prejudice for failure to respond "should be used only in extreme circumstances." *Webb v. Morella*, 475 F. App'x 448, 452 (5th Cir. 2012). This discretionary rule aligns with the Local Rules' prohibition against the Court granting a dispositive motion just because it is unopposed. L.U. Civ. 7(b)(3).

Dee did not respond to Commander Gater's Motion for Judgment on the Pleadings. But her response raises several defenses to his Alternative Motion for Summary Judgment. Accordingly, the Court declines to grant Commander Gater's Motion for Judgment on the Pleadings because of Dee's failure to respond.

for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All facts are construed in the non-movant's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

If the non-movant bears the burden of proof at trial, the movant need only show the record lacks evidentiary support for the non-movant's claim. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). The movant must "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Trans. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (citation omitted). But "unsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant meets his burden, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.* (citation omitted). The non-movant must present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones*, 936 F.3d at 321 (citation omitted). "A failure on the part of the nonmov[ant] to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine [dispute] of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d

5

156, 164 (5th Cir. 2006) (citation omitted). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458.

III.   Analysis

Commander Gater contends summary judgment is appropriate as to Dee's Fourth Amendment unlawful seizure and excessive force claims. Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (citation omitted). It "insulate[s] state officials from liability to the extent that the officials' actions do not violate clearly established statutory or constitutional rights." *Trent v. Wade*, 776 F.3d 368, 376–77 (5th Cir. 2015) (internal citations omitted). In the summary-judgment framework, a defendant's "good-faith assertion of qualified immunity" shifts the burden to the plaintiff to demonstrate qualified immunity does not shield the defendant from liability. *Id.* at 376. Ultimately, the plaintiff is saddled with the "heavy lifting" in the qualified immunity analysis. *Crawford v. Desoto Cnty. Sheriff's Dep't*, 419 F. Supp. 3d 965, 970 (N.D. Miss. 2020). "[M]ore than mere conclusory assertions alone" are required to meet that burden. *Prater v. Wilkinson Cnty., Miss.*, No. 5:13-CV-23, 2013 WL 5946375, at *3 (S.D. Miss. Nov. 5, 2013) (citations omitted); *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

Because Commander Gater presents a good-faith assertion of qualified immunity, the burden shifts to Dee to establish Commander Gater "(1) violated a statutory or constitutional right, and (2) that the right was clearly established at

6

the time of the challenged conduct." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2015) (citation omitted). The Court may consider either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling, in part, *Saucier* two-step). But there is benefit in considering the prongs in order, though no longer mandatory.

If the Court holds the defendant did not violate the plaintiff's statutory or constitutional rights, the inquiry ends, and defendant is entitled to qualified immunity. *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007). If the Court proceeds to the second qualified-immunity prong, "the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Id.* at 411 (citations omitted). In some cases, "whether [the officer's] conduct was objectively reasonable requires factfinding and credibility assessments," and therefore summary judgment is inappropriate. *Tarver v. City of Edna*, 410 F.3d 745, 754 (5th Cir. 2005).

1. Unlawful Seizure

It is "beyond question" that Dee has a constitutional right to be free of unreasonable seizures. *Freeman*, 483 F.3d at 411; U.S. Const. amend. IV. A seizure is reasonable if law enforcement can identify "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that [seizure]." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Commander Gater contends that he did not seize Dee because she did not state she felt arrested or detained by him. [52] at 6. But he misstates the standard for what constitutes a seizure. A seizure occurs "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry*, 392 U.S. at 19, n.16. The facts must establish that "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that [she] was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The inquiry, therefore, is whether a *reasonable person*, not Dee, would have believed she was not free to leave.

Courts have concluded a reasonable person would have believed she was free to terminate a law-enforcement encounter when "[t]here was no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no blocking of exits, no threat, no command, not even an authoritative tone of voice." *E.g.*, *United States v. Scott*, 624 F. App'x 850, 854 (5th Cir. 2015) (per curiam) (quoting *United States v. Drayton*, 536 U.S. 194, 204 (2002)). On the other hand, courts have held that, considered with the totality of the circumstances, a reasonable person would not feel free to terminate an encounter with an officer who points a gun at them. *E.g.*, *Martin v. City of Alexandria Mun. Police Dep't*, 2005 WL 4909292, at *9 (W.D. La. Sep. 16, 2005).

Adopting Dee's evidence as true and construing all reasonable inferences in her favor, she establishes a genuine dispute of material fact exists on whether a reasonable person would have believed she was not free to leave Commander

8

Gater's presence. Dee maintains that Commander Gater pointed a weapon at her head, though he denies that allegation. [49-1] at 36; [51-1] at 2; *but see* [67-8]. Dee's version of the facts supports that a jury could conclude a reasonable person would not have felt free to terminate the encounter with Commander Gater. *See Martin*, 2005 WL 4909292, at *9. Commander Gater's version of the facts supports the opposite conclusion. Although he unholstered his weapon, he contends he spoke with Dee only about weapons retention and did not point his firearm at her face. A jury must weigh the evidence and credibility of the witnesses to determine whether qualified immunity applies. *See, e.g.*, *Darden v. City of Fort Worth*, 880 F.3d 722, 729–30 (5th Cir. 2018); *Tarver*, 410 F.3d at 754.

    2. Excessive Force

To succeed on her excessive force claim, Dee must first show she was seized by law enforcement. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). As stated above, there is a genuine dispute of material fact as to whether Dee was seized. Assuming she was, though, Dee must also establish "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver*, 410 F.3d at 751. The latter two elements "collapse into a single objective-reasonableness inquiry guided by the following *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018) (quoting, among

other decisions, *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam) (citations omitted).

Commander Gater's main challenge to Dee's excessive force claim is that Dee did not suffer an injury. [52] at 6–7. To establish excessive force, plaintiff's injury must be more than *de minimus*. *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (per curiam); *Jordan v. Liddell*, No. 3:16-CV-467-TSL-RHW, 2017 WL 4582343, at *3 (S.D. Miss. Oct. 13, 2017) (holding bruising on arm and anxiety for which plaintiff did not seek medical treatment for three weeks *de minimus*). The injury need not be significant, however. *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017). Cognizable injuries include both physical and psychological ones. *Summers v. Hinds Cnty.*, 508 F. Supp. 3d 124, 133 (S.D. Miss. 2020).

The Fifth Circuit has clarified how to measure whether an injury is *de minimus*: "the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances." *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (citation omitted). "Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in de minimis injuries only." *Id.* (citation omitted). Accordingly, this element rests on whether Commander Gater's use of force was reasonable.

A genuine dispute of material facts exists as to whether Commander Gater's conduct was objectively unreasonable. As reflected above, Commander Gater states he did not point his firearm at Dee's head; Dee alleges the opposite. Summary judgment is not appropriate, therefore, because of these genuine disputes of material fact. *E.g.*, *Manis v. Cohen*, CIV.A.3:00CV1955–P, 2001 WL 1524434, at *8 (N.D. Tex. Nov. 28, 2001) (denying summary judgment because genuine dispute as to whether officer pointed gun at plaintiff's face). Moreover, this issue prevents the Court from addressing whether Dee's injury was more than *de minimus*.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For all these reasons, Defendant Donald Gater's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment Based on Qualified Immunity [51] is DENIED.

SO ORDERED AND ADJUDGED, this the 21st day of October, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

11